IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Matthew Konst; Jill Konst, | ) | Case No. 0:26-cv-01284-JDA |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **OPINION AND ORDER** |
| v. | ) | |
| | ) | |
| State Farm Fire and Casualty Company, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court following a Text Order to Show Cause why the Court should not remand the action to state court. [Doc. 7.] Having reviewed the parties' filings and the applicable case law, the Court concludes it does not have subject-matter jurisdiction over this action and, therefore, the case is remanded to the York County Court of Common Pleas.

## BACKGROUND

Plaintiffs filed this case in the York County Court of Common Pleas on February 13, 2026. [Doc. 1-1.] The Complaint alleges that Plaintiffs' home, which was insured by Defendant, sustained extensive damage caused by water during the coverage period, and that they reported the loss to Defendant, but that Defendant denied coverage. [*See generally id.*] Plaintiffs allege causes of action for breach of contract/bad faith breach of contract/insurance bad faith, insurance bad faith claim handling/bad faith failure to settle within limits/bad faith refusal to pay, violations of S.C. Code § 38-59-20, fraud/fraudulent concealment, negligent misrepresentation, and violation of South Carolina's Unfair and Deceptive Trade Practices Act. [*Id.* ¶¶ 26–52.] They seek compensatory, treble, and

punitive damages in an unspecified amount, as well as costs, attorneys' fees, and pre- and post-judgment interest.  [*Id.* at 15.]

Defendant removed the case to this Court on March 25, 2026, on the basis of diversity jurisdiction.  [Doc. 1.]  In support of removal, Defendant represented that it is an Illinois-based company with its principal place of business located in the State of Illinois and that the Plaintiffs are citizens and residents of the State of South Carolina.  [Doc. 1 ¶¶ 5–6 (citing Doc. 1-1 ¶ 1).]  Defendant also stated that "[t]he amount in controversy in this case exceeds the sum of $75,000.00, including actual, consequential, [and] punitive damages and attorneys' fees and costs."  [*Id.* ¶ 7.]

On April 3, 2026, the Court issued a Text Order to Show Cause why the Court should not remand this action to the state court based on lack of subject-matter jurisdiction because the amount in controversy did not appear to exceed the jurisdictional threshold.[*]  [Doc. 7.]  On April 7, 2026, Defendant filed a response to the Text Order to Show Cause, and on April 9, 2026, Plaintiffs filed a reply.  [Docs. 8; 9.]

## APPLICABLE LAW

"Federal courts are courts of limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  A defendant may remove to federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  Remand of a case to state court following removal is governed by 28 U.S.C. § 1447, which provides that "[i]f at any time before final

---

[*] The Fourth Circuit Court of Appeals has explained that, in a removed case, a "district court may inquire *sua sponte* whether it has subject matter jurisdiction and impose on the defendants the burden of demonstrating jurisdiction."  *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008).

judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  "The burden of establishing federal jurisdiction is placed upon the party seeking removal."  *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994).  "Because removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction."  *Id.*  Thus, remand is necessary if federal jurisdiction is doubtful.  *Id.*

In this case, Defendant alleges that removal was proper because the district court has diversity jurisdiction to hear Plaintiffs' claims under 28 U.S.C. § 1332, which grants district courts "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of all interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a)(1).  "Ordinarily the jurisdictional amount is determined by the amount of the plaintiff's original claim, provided that the claim is made in good faith."  *Wiggins v. N. Am. Equitable Life Assurance Co.*, 644 F.2d 1014, 1016 (4th Cir. 1981).  "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).  Nevertheless, "the amount in controversy requirement cannot be based on speculation as to what may occur."  *Davenport v. State Farm Fire & Cas. Co.*, No. 6:24-cv-04330-JDA, 2024 WL 4453651, at *2 (D.S.C. Sept. 9, 2024) (internal quotation marks omitted).  Indeed, a defendant must demonstrate that the amount in controversy is satisfied "when the plaintiff contests, or the court questions, the defendant's allegation."  *Dart Cherokee Basin*, 574 U.S. at 89.  "When a plaintiff's complaint leaves the amount of damages unspecified, the defendant must provide evidence to show . . . what the stakes of litigation . . . are given

3

the plaintiff's actual demands." *Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 194 (4th Cir. 2017) (alterations in original) (internal quotation marks omitted).

It is true that "claims for punitive damages must be included in the calculation of the amount in controversy." *Mattison v. Wal-Mart Stores, Inc.*, No. 6:10-cv-01739-JMC, 2011 WL 494395, at *2 (D.S.C. Feb. 4, 2011) (internal quotation marks omitted). However, "courts in this district have established that the mere existence of a claim for punitive damages will not establish to a legal certainty or reasonable probability that the amount in controversy exceeds $75,000." *SNB Props. v. CMH Homes, Inc.*, No. 1:22-cv-02158-SAL, 2022 WL 17976781, at *3 (D.S.C. Dec. 28, 2022) (internal quotation marks omitted) (collecting cases).

## DISCUSSION

Plaintiffs' Complaint does not specify the amount of damages sought. [*See generally* Doc. 1-1.] Defendant contends that, "[b]ased on discussions with [Plaintiffs'] counsel, the estimate for repair work at Plaintiffs' property is approximately $40,000" [Doc. 8 at 2 n.1], and, thus, trebling that estimate, adding punitive damages to it, and/or awarding attorney's fees would be sufficient to bring this case over the threshold jurisdictional amount [*id.* at 4–5].

"If a complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Francis v. Allstate Ins.*, 709 F.3d 362, 367 (4th Cir. 2013) (cleaned up). Here, Defendant has failed to meet that burden. Although Defendant references discussions with opposing counsel concerning a repair estimate [Doc. 8 at 2 n.1], Defendant has not provided the Court with any *evidence* of such an estimate.

4

Accordingly, the Court concludes that it does not possess subject-matter jurisdiction over the claims in this action and, thus, remands the case to state court. *See Faraj v. Gerrie Gresham Ins. & Fin. Servs.*, No. 3:25-4382-MGL-SVH, 2026 WL 699716 (D.S.C. Mar. 12, 2026) (remanding the case to state court where the parties failed to provide any evidence to the court regarding the amount in controversy); *cf.*, *Busbee v. Clark*, No. 8:19-cv-1190-TMC-JDA, 2019 WL 3777640, at *7–8 (D.S.C. May 15, 2019) (concluding that the defendant failed to meet her burden of showing that the amount in controversy was satisfied where the only evidence proffered was a statement by the plaintiff during settlement discussions of what she expected to recover if the case proceeded to a jury trial), *Report and Recommendation adopted by* 2019 WL 4051690 (D.S.C. Aug. 28, 2019).

## <u>CONCLUSION</u>

Wherefore, based upon the foregoing, this action is REMANDED to the York County Court of Common Pleas.

IT IS SO ORDERED.

<u>s/Jacquelyn D. Austin</u>
United States District Judge

May 18, 2026
Columbia, South Carolina